111 A.2d 707 (1955)
Edward W. G. BORER, Howard Butcher, III, and William H. B. Simpson, Plaintiffs,
v.
ASSOCIATED GENERAL UTILITIES COMPANY, a corporation of the State of Delaware, Edward J. Caughlin, Henry C. Hasbrouck, Robert B. Jarvis, Joseph V. McManus, George Rosier and Harold F. Scattergood, Defendants.
Civ. A. No. 524.
Court of Chancery of Delaware, New Castle.
February 17, 1955.
James R. Morford of Morford & Bennethum, Wilmington, for plaintiffs.
John VanBrunt, Jr., of Killoran & VanBrunt, Wilmington, for defendants.
SEITZ, Chancellor.
The above captioned action was brought by a group of stockholders of defendant corporation seeking a review of the election of directors. The action was brought under 8 Del.C. § 225. Subsequently, and before adjudication, counsel for defendant corporation and the individual defendants advised the Court that a compromise and agreement of dismissal had been negotiated with plaintiffs. He therefore made oral application for a decision by the Court as to whether or not the provisions of Chancery Court Rule 23(c), Del.C.Ann., governing the dismissal and compromise of class actions, apply to this type of action.
After considering the problem from various points of view  policy considerations particularly  I have concluded that the provisions of Chancery Court Rule 23(c) are applicable to the dismissal and compromise of actions brought under 8 Del.C. § 225 to review corporate elections. While all the factors which led to the adoption of Rule 23 are not likely to be present in this type of action, nevertheless, the situation is susceptible of abuse. The Court Rule purports to apply to all class actions and there is therefore no compelling reason why an exception should be made here. Since the Rule can be realistically applied, its application should not result in any undue burden on the parties in the relatively few such cases which are not disposed of on the merits.
*708 I need not decide whether notice is mandatory under the Rule because I feel that in any event notice of some type to other stockholders should be required here. No question of classes of stock is involved.
An appropriate petition should therefore be presented to the Court setting forth clearly the terms of the compromise and dismissal. It should include clear statements of all possible benefits flowing to the plaintiffs and their counsel. A suggested form of notice to stockholders should also be attached. The Court will then hear counsel on the question of the manner of giving notice to the stockholders.