194 A.2d 853 (1963)
David LEVIN, Morris Segal and Doris S. Segal, Petitioners,
v.
MIDLAND-ROSS CORPORATION, an Ohio corporation, Respondent.
William J. LYNCH, Petitioner,
v.
MIDLAND-ROSS CORPORATION, an Ohio corporation, Respondent.
Court of Chancery of Delaware, New Castle.
October 31, 1963.
Samuel R. Russell, of Herrmann, Bayard, Brill & Russell, Wilmington, for petitioners David Levin, Morris Segal, Doris S. Segal and certain other claimants.
John J. De Luca and Joseph A. Julian, Jr., Wilmington, for petitioner William J. Lynch.
Aaron Finger, of Richards, Layton & Finger, Wilmington, and John B. Houck, of Jones, Day, Cockley & Reavis, Cleveland, Ohio, for respondent.
MARVEL, Vice Chancellor.
Following the filing of the Court's opinion of August 30 fixing a value for dissenters' stock in the merger of Industrial Rayon Corporation into the Midland-Ross Corporation (Del., 194 A.2d 50), thirteen represented claimants holding approximately 3,000 shares of Industrial Rayon filed petitions which seek orders requiring the holders of some 1,350 other dissenting shares who were not represented by counsel to share proportionately the fees of counsel and of an expert witness as well as other costs and expenses incurred by the represented stockholders. No assessment is sought against the stockholders Motland and Smith, holders of some 750 shares, who appeared pro se. While none of the unrepresented claimants appeared at the hearing on the pending petitions, several filed written objections to any assessment against them which would diminish the value of their stock.
The matter now before me for decision is whether or not stockholders entitled to an appraisal in a valuation proceeding following a merger but who have not either *854 personally or by counsel taken any active part in the actual proceedings may be required to contribute proportionately to the defraying of counsel and expert witness fees incurred by those stockholders who through their attorneys and others have pulled the laboring oar not only before the appraiser but before the Court. The taxing of the cost of an appraisal is governed by Title 8 Del.C., Sec. 262(h), which provides in part:
"The cost of any such appraisal, including a reasonable fee to and the reasonable expenses of the appraiser, but exclusive of fees of counsel or of experts retained by any party, may on application of any party in interest be determined by the Court and taxed upon the parties to such appraisal or any of them as appears to be equitable, except that the cost of giving the notice by publication and by registered mail hereinabove provided for shall be paid by the corporation. * * *"
Other parts of Sec. 262 make it clear that any stockholder who complies with the provisions of the merger statute shall "* * * become entitled to the valuation of any payment for their shares." Thus, it is apparent, as counsel for Mr. Levin and others concedes, that stockholders of a Delaware corporation who have properly registered dissent have a statutory right to have their shares appraised on the merger of their corporation with another. In so doing, they are not, of course, required to engage the services of an attorney or of an expert to represent their interests in the statutory proceedings designed to arrive at a proper valuation of their securities. This being so, such dissenting stockholders are, in my opinion, entitled to receive the full amount allowed them in an appraisal proceeding subject only to the taxing of such costs as are permitted by statute, this type of case not falling within any exception to the general rule that a litigant must personally pay his own attorneys and experts.
Here, there can not be said to be a fund in court subject to court administration as was the case in McWilliams v. Missouri-Kansas Pipe Line Co., 21 Del.Ch. 308, 190 A. 569, nor are other facts shown similar to those other situations in which exceptions to the general rule are recognized, Maurer v. International Reinsurance Corporation, 33 Del.Ch. 456, 95 A.2d 827.
Obviously, there is an element of inequity in having dissident stockholders "go along for the ride", as it were, while other stockholders incur the expense of engaging the services of counsel or of an expert or both often with results, as here, beneficial to all dissenting stockholders. However, this type of action is not the usual class action, nor is there a fund in court as in the case of Central R. R. and Banking Co. of Georgia v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. In the cited case, a true class action, all creditors had prior notice that the attorneys in the case were performing services for members of a class who were invited to join in and both reap the benefits and share the expenses of litigation designed to establish a lien on behalf of unsecured creditors of a railroad, a cause which succeeded.
The situation at bar is more closely analogous to that in Preston v. United States (C.A. 9) 284 F.2d 514, in which others, not represented by counsel and not even participants in the litigation, were permitted to benefit gratuitously from the results gained by the attorneys of record for their clients, the opinion pointing out that there was no fund in court for the creation of which its beneficiaries should share the expense. In the cited case, the release of lands from trust for the benefit of represented members of the Agua Caliente Band of Indians incidentally inured to the benefit of other members of the Band who were not represented.
Accordingly, despite the seeming unfairness of the results permitted by the language of the statute in its present form, I *855 see no alternative but to deny petitioners' request that those stockholders found to be entitled to valuation and payment for their shares who are not represented by counsel (other than Messrs. Motland and Smith) be ordered proportionately to share the counsel and expert witness fees incurred by those stockholders who are represented.
An appropriate order may be submitted on notice.