**Grace M. HUTCHISON, Plaintiff,**

**v.**

**Arnold BERNHARD, Gavin H. Watson, Frank H. Miesse, James E. Barrett, John D. Walker, Arnold Bernhard & Co., Inc., Value Line Fund Distributors, Inc., Value Line Fund, Inc., and Value Line Income Fund, Inc., Defendants.**

Court of Chancery of Delaware.

New Castle.

May 28, 1965.

Irving Morris (of Cohen, Morris & Rosenthal), Wilmington, and Bernard Buchwald and Peter P. Kenny, New York City, for plaintiff.

Clair John Killoran and Andrew G. T. Moore, II (of Killoran & Van Brunt), Wilmington, for defendants, Arnold Bernhard, Gavin H. Watson, Frank H. Miesse, James E. Barrett, John D. Walker and Arnold Bernhard & Co., Inc.

Aubrey B. Lank (of Theisen and Lank), Wilmington, for defendants, Value Line Fund Distributors, Inc., Value Line Fund, Inc., and Value Line Income Fund, Inc.

SEITZ, Chancellor:

Defendants moved under Chancery Rule 23(c), Del.C.Ann. to dismiss this derivative action with prejudice as to plaintiff only on the ground that, after filing this action, plaintiff sold all the stock which she held in Value Line Income Fund, Inc. ("Fund") at the time of the transactions of which she complains. Plaintiff, in turn, filed consolidated motions seeking the following:

(1) An order requiring Fund to produce a stockholders' list for inspection and copying.

(2) An order permitting plaintiff to circularize the stockholders of Fund for the purpose of obtaining new parties to intervene as plaintiffs, or alternatively

(3) An order directing Fund to notify its stockholders before any dismissal is entered, or alternatively

(4) An order realigning Fund as plaintiff and directing it to proceed to obtain independent counsel and vigorously prosecute the action.

This is the decision on the motions of the parties.

Turning to defendants' motion first, I emphasize that defendants have moved to dismiss with prejudice as to plaintiff only. The rights, if any, of other members of the class would remain open. Defendants' counsel have filed an affidavit showing that nothing of benefit has passed or will pass to plaintiff or her counsel. Defendants argue that their motion is covered by the language of the exception in Rule 23(c). That rule provides that there can be no dismissal of defined types of class actions without notice "except that if the dismissal is to be without prejudice to the class or with prejudice to the plaintiff only, then such dismissal shall be ordered without notice thereof * * *", if nothing of value is received or to be received by plaintiff or his counsel.

Plaintiff contends that notice must be given the stockholders because the rule so provides, and cites Malcolm v. Cities Service Co., D.C., 2 F.R.D. 405, in support of her position. The difficulty with plaintiff's argument, assuming she has standing to make it, is that the language quoted from Chancery Rule 23(c), which is relied upon by these defendants, does not appear in the Federal Rule which Judge Leahy considered in the Malcolm case. For that reason, among others, the case is not apposite.

The answer here must be found by analyzing defendants' motion and the Chancery Rule. The rule seems not to apply to dismissals on the merits or dismissals based on the insufficiency of the claim, and the like. Rather, it has at least pri-

mary application to dismissals voluntarily entered or consented to by a plaintiff. Compare 2 Moore's Federal Practice (2nd ed.), p. 3550. Thus, at first blush one might say that defendants' motion is not embraced within the rule because it is grounded on plaintiff's lack of standing to maintain the action rather than on any voluntary dismissal. However, because of the basis for the dismissal here—plaintiff's sale of her stock after commencing the action—I believe it should be considered as one coming within Rule 23(c). I say this because to allow a dismissal in this situation without court control would make possible one of the very abuses sought to be controlled by the notice requirement of the rule, i. e., the buy-off of an objector without regard to the rights of the stockholders generally. Of course, that is not the situation here but I am dealing with a policy-making application of the rule.

■ Having decided that Rule 23(c) is applicable to defendants' motion, as they tacitly concede by invoking the rule, I next ask what disposition should be made of the motions? First off, I am satisfied that plaintiff has lost her right to maintain this action and to insist that a particular course be followed. Indeed, plaintiff appears to concede that she must be dropped from the case. She contends, however, that the court should require Fund to comply with some one or more of the mechanics which she suggests in her motion. Assuming without deciding that plaintiff's suggestions may be considered as though advanced by an amicus or an officer of the court, I must now determine whether the defendants' motion should be conditioned on the giving of some form of notice to other stockholders. I pass over as completely inappropriate the suggestion that the Fund be realigned and directed to continue the action.

■ Plaintiff suggests that defendants' motion should not be processed under the exception in Rule 23(c) because the statute of limitations might hereafter bar other members of the class from filing the same action and obtaining a decision on the merits. Of course, that is a possibility whenever the exception in the rule is applied. But this factor cannot be decisive, else the purpose behind the inclusion of the exception in the rule would be frustrated, i. e., to dispose of class actions where there is no inclination to press for a judicial determination and where that attitude has not been influenced by the receipt of anything of value. Thus, by the exception, the court has adopted a pragmatic rule to police its court calendar. To do justice the court may, of course, exercise a discretion even under the language of the exception in the rule.

■ The remaining question then is whether there are any equities here which move the court to adopt any conditions to the granting of the motion. I conclude on balance that an order should first be entered directing Fund to notify its stockholders that defendants' motion has been filed and the basis of the motion; that if no other qualified stockholder seeks to intervene before a date to be fixed in the order, the court will grant defendants' motion. If an application to intervene is made it will be decided first. This notice may be contained in the Fund's next regular mailing to its stockholders. Without pausing to delineate them, I conclude that this approach accommodates the conflicting considerations involved in disposing of defendants' motion in the light of the reason for plaintiff's inability to proceed and the other factors here present. The court will approve the form of notice.

Even though I have adopted the substance of one of the grounds of plaintiff's motion, the plaintiff's motion must be denied because of plaintiff's loss of status. The disposition of defendants' motion will await compliance with the condition imposed above.

Present order on notice.