Thomas **JAEGER**, Plaintiff,

v.

Victor **MUSCAT**, Arthur R. Ivey, Robert L. Langdon, Edmund C. Byrne, Edward Heimberg and Aluminum and Chemical Corporation, a Delaware corporation, Defendants.

Court of Chancery of Delaware.

New Castle.

June 27, 1966.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, for plaintiff.

Henry M. Canby, of Richards, Layton & Finger, Wilmington, for defendants Victor Muscat and Aluminum and Chemical Corp.

MARVEL, Vice Chancellor.

From May 7, 1964, the date of filing by plaintiff of an amended notice of her intention to take the deposition of the defendant Aluminum and Chemical Corporation by its officers, Victor Muscat and Edward Heimberg, as well as the deposition of Victor Muscat as an individual defendant, the record reflects that no action was taken by either side in this litigation over the ensuing two years. The action itself was commenced on May 23, 1963, and the complaint charges that the defendant Muscat, by means of his domination and control of the board of directors of Aluminum and Chemical Corporation, forced it to engage in specified business transactions injurious to such corporation but beneficial to Muscat. It is also charged in the complaint that the defendant Muscat seized business opportunities which should have enured to the benefit of Aluminum and Chemical Corporation. An accounting from the defendant Muscat and other members of the board who allegedly acquiesced in his improper actions is sought.

On May 11, 1966, the attorney for the appearing defendants Victor Muscat and Aluminum and Chemical Corporation, moved for an order dismissing the suit with prejudice to the plaintiff only, on the ground of plaintiff's inaction and for the further specific reason that plaintiff had failed to respond to instructions given at the annual call of the calendar on April 11, 1966, which ordered plaintiff's counsel to

take action in this case within thirty days or suffer a dismissal of the complaint under Rule 41(e). Such a motion to dismiss was duly served on May 11.

Plaintiff having failed to take any action within thirty days after the call of the calendar, the appearing defendants, on the basis of their May 11, 1966 motion, which was argued on May 18, insist that they are entitled to have the complaint dismissed with prejudice to plaintiff but without prejudice as to others of his class. As required by Rule 23(c), such motion is supported by an affidavit to the effect that no compensation in any form has passed directly or indirectly from any of the defendants to the plaintiff or plaintiff's attorney and no promise to give any such compensation has been made in connection with the dismissal proposed.

Plaintiff, in resisting defendants' motion, makes the point that a Rule 23(c) dismissal of a class action under the 1962 amendment to the rule normally occurs when a plaintiff who has lost confidence in his case tacitly or actively goes along with a Rule 41(e) motion. Plaintiff argues that her action, on the contrary, has merit and that as in the case of Hutchison v. Bernhard (Del.Ch.), 220 A.2d 782, the point simply is that plaintiff is not in a position successfully to advance the charges levelled in his complaint due to a personal disqualification or handicap, namely, that he participated with defendants in the transactions complained of. He points out that were stockholders to be given notice of the dismissal proposed by defendants, a qualified stockholder might well seize the laboring oar and successfully seek to intervene in the present action and thereafter press the allegedly valid charges made in the complaint. Plaintiff is obviously concerned over the fact that a dismissal of the action now may mean that a new suit can be effectively blocked by the defenses of laches or statute of limitations.

As noted, plaintiff relies on Hutchison v. Bernhard, supra, a case in which defendants' motion to dismiss the complaint was based on the ground that plaintiff had disposed of her stock interest in the corporation for whose alleged benefit she had sued. The Chancellor held that the case must, of course, be dismissed as to the plaintiff. However, he went on to decide that in light of one of the purposes of Rule 23(c), namely to forestall the buying out of a plaintiff in a class action, that such rule must be applied to the case before him. The Chancellor concluded, on balance, that notice of the proposed dismissal should be given to the other stockholders.

■ Turning to the case at bar, it must be noted that the motion now pending is based on plaintiff's inaction and that it is controlled by the provisions of Rule 41(e). The motion is not made on the basis of defendants' affirmative defenses of ratification and estoppel, which, if valid, as plaintiff apparently concedes, serve to disqualify plaintiff as a litigant, but on plaintiff's unexplained delay. Rule 41(e) in itself makes dismissals thereunder subject to the provisions of Rule 23. Accordingly, the success or failure of the motion for an order of dismissal here sought actually depends on whether or not plaintiff has furnished a good reason for inaction, a factor which was not present in the Hutchison case.

■ Rule 41(e) is a permissive rule and should not be employed to bring about a dismissal when " * * * good reason for the inaction is given * * * ". Here, not only did almost two years elapse without action in the case, but on April 11, 1966, at the annual call of the calendar, which is held primarily for the purpose of determining whether there has been undue delay or other impediment to the disposition of pending cases, plaintiff was directed to take action in thirty days or suffer a dismissal. No action was taken. Furthermore, unlike the situation in Hutchison v. Bernhard, supra, in which an earlier motion to dismiss on the ground of inaction was made and promptly resisted by an affidavit explaining the delay, in the case at bar no sound rea-

son for plaintiff's inaction has been given. The nature of plaintiff's disqualification was known or should have been known to counsel in the early stages of this litigation. Defenses of acquiescence, ratification and waiver were, in fact, pleaded in the appearing defendants' answer of July 19, 1963. In balancing the benefits to be gained by an orderly policing of a trial calendar against the possible putting to rest of a meritorious action, I believe that under the circumstances disclosed in the case at bar that the former must prevail.

On notice an order may be presented dismissing this action with prejudice to plaintiff and without prejudice as to other stockholders of Aluminum and Chemical Corporation.