**William L. MICHAELS and Mary L. Michaels, Plaintiffs,**

**v.**

**Louis LESSER et al., Defendants.**

Court of Chancery of Delaware, New Castle.

March 23, 1971.

---

William E. Taylor, Jr., of Taylor, Lindh, Paul & Biden, Wilmington, and Robert B. Block, New York City, for plaintiffs.

Henry M. Canby and Richard F. Balotti, of Richards, Layton & Finger, Wilmington, for defendants.

DUFFY, Chancellor:

This is an action by two stockholders of Louis Lesser Enterprises, Inc., brought derivatively for its benefit and for holders of the Corporation's Class A common stock. Plaintiffs seek cancellation of the conversion in September 1963 of certain Class B stock into Class A and an accounting for some $725,000 distributed on the A stock to various individual defendants. The complaint was filed on November 5, 1965. Answers were filed by various defendants on January 3, 1966. Plaintiffs took some discovery but none after January 23, 1968.

Chancery Court Rule 40, Del.C.Ann. provides for an annual calendar call of all cases pending in this Court. The call is primarily for the purpose of determining whether there has been any undue delay in connection with pending matters. Counsel are advised in the notice of the call that at the call the Court will take such action as is deemed to be in the best interest of the proper administration of justice, and this includes dismissal of a case. Prior to the call, counsel in each case which has been pending for more than two years are routinely required to write to the Court and to give the status of such case.

On February 25, 1969 counsel for plaintiffs, in response to a routine request from the Register in Chancery for a status report prior to calendar call, stated that the case was active and that further discovery was required. The Court docket reflects no further action thereafter until February 26, 1970, when counsel for plaintiffs, again in response to a pre-call request from the Register, again referred to the necessity for discovery and stated that "Plaintiffs will be able to determine what procedure they will follow with respect to discovery within ninety days." On February 4, 1971, no action of any kind by plaintiffs being shown by the Court jacket, defendants moved for dismissal of the action pursuant to Rule 41(e). That Rule provides:

"Subject to the provisions of Rules 23, 23.1 and 23.2 in each cause pending wherein no action has been taken for a period of one year, the court may upon application of any party, or on its own motion, and after reasonable notice, enter an order dismissing such cause unless good reason for the inaction is given, or the parties have stipulated with the approval of the court as to such matter."

Defendants seek dismissal with prejudice as to plaintiffs only and they have supported the motion (pursuant to Rule 23.1) with an affidavit to the effect that no compensation in any form has passed from any defendant to plaintiffs or to their attorneys and no promise to give any such compensation has been made.

On March 2, 1971 plaintiffs filed a motion for summary judgment. At argument on March 11, defendants sought an order of dismissal, plaintiffs ask for a briefing schedule on their motion.

Plaintiffs contend that the complaint is meritorious and that discovery was delayed because any depositions taken would have been conducted in California and plaintiffs have been unable or unwilling to finance the cost thereof. Plaintiffs say that they now want to submit the case under a motion for summary judgment on the basis of the record as it now is. Accordingly, they seek leave to brief the motion.

The short of it is that the docket shows no action of any kind by plaintiffs since January 23, 1968, with the exception of the two statements made by plaintiffs' counsel in response to inquiries from the Register. And it seems clear that plaintiffs have filed the present motion for summary judgment only under pressure of the motion to dismiss for lack of prosecution.

The annual call of the calendar serves the salutory purpose of enabling the Court to review both all of its cases and each of its cases. And a determination can be made as to whether there has been any undue delay in connection with a case. Such a periodic review is essential if the Court is to control and manage its docket in a way consonant with its responsibility to all litigants here. And a necessary corollary is that counsel reasonably follow up any commitment made to the Court in connection with the calendar call. When that is not done, and when there has been no action for a period of one year, a Rule 41(e) motion is an appropriate way to bring the matter to the Court's attention.

In this case the only conclusion reasonably possible is that there has been undue delay by plaintiffs. To state it in terms of Rule 41(e), good reason for inaction has not been given by plaintiffs. I am sensitive to the practical difficulties which a plaintiff and his counsel often have in the prosecution of this kind of suit and the Court is reluctant to put to rest a case which is represented to be meritorious. But if Rule 41(e) is to serve a purpose, and I think that it is essential to the orderly administration of the business of this Court, then there must be action to prosecute within the one year unless good reason for inaction is shown. Unless a plaintiff meets that test, then he runs the risk of a dismissal under the Rule. And an unwillingness to finance discovery, without more, is not a good reason for inaction.

This case falls squarely within the provisions of Rule 41(e) and an order will be entered dismissing it with prejudice as to plaintiffs only. Jaeger v. Muscat, 43 Del. Ch. 178, 221 A.2d 607 (1966). Accordingly, plaintiffs' application for a briefing schedule on their motion for summary judgment will be denied.