**Sidney M. SMIRLOCK, Plaintiff,**

v.

**Eugene G. BALLARD et al., Defendants.**

Court of Chancery of Delaware,
New Castle.

July 8, 1971.

Abraham Hoffman, Wilmington, and Abraham I. Markowitz, New York City, for plaintiff.

Charles F. Richards, of Richards, Layton & Finger, Wilmington, for individual defendants.

Richard L. McMahon, of Potter, Anderson & Corroon, Wilmington, for corporate defendant.

MARVEL, Vice Chancellor:

The annual Call of the Calendar for this County was held on April 12, 1971, it being preceded by a letter from the Register of the Court, dated February 8, addressed to counsel listed on the Calendar in question directing them to report on the status of any listed case in which they appear as counsel of record. At such Call on April 12, the Court directed local counsel for plaintiff in this case to report within two weeks as to what action he proposed to take in this case which had been largely quiescent over the last year and a half. However, prior to plaintiff's formal response to such instruction counsel for the individual defendants moved on April 15 for the entry of an order dismissing the action under the provisions of Rule 41(b), Del.C.Ann. on the ground of lack of prosecution.[1]

On April 22, 1971, plaintiff filed a motion seeking leave to file a proposed amended and supplemental complaint, a copy of which was attached to his motion, thus taking formal steps to move ahead in the case within the two weeks granted by the Court. A copy of said proposed pleading had been mailed to local counsel for the individual defendants on March 16, 1971 by plaintiff's local counsel with the request that the filing of such proposed amendment be agreed to by stipulation, although a reading of the proposed pleading, which not only contains new causes of action but also names new non-resident parties, indicates that entry into such a stipulation by adversary counsel would have been an extremely unlikely event. On April 13, 1971, such request was refused by local counsel for the individual defendants.

On April 23, 1971, counsel for plaintiff together with counsel for the individual defendants as well as counsel for the corporate defendant entered into a stipulation setting up a brief schedule preparatory to argument on the individual defendants' motion to dismiss the action as well as plaintiff's motion to amend and supplement his complaint.

Turning to the motion of the individual defendants to dismiss this cause for inaction under the provisions of Rule 41(e), it appears that in the cases of Jaeger v. Muscat, 43 Del.Ch. 178, 221 A.2d 607, and Michaels v. Lesser (Del.Ct.) 275 A.2d 797, this Court, in dismissing such actions under the provisions of Rule 41(e), noted that the plaintiffs in such cases had not only failed to respond to express directions given by the Court at a Call of the Calendar but that no good reason for inaction had been furnished as required by Rule 41(e). On the other hand it has been held by the Supreme Court of Delaware that " * * * A motion to dismiss for want of prosecution will not be granted if the plaintiff is then diligently prosecuting his claim even though, at some prior period of time, he has been guilty of gross negligence * * * " Ayers v. D. F. Quillen & Sons, Inc., 5 Storey 481, 55 Del. 481, 188 A.2d 510.

■ In the case at bar, it is clear, first of all, that plaintiff met the Court's two week deadline for action by filing its pro-

---

1. Presumably counsel for the individual defendants also relies on the provisions of Rule 41(e) which applies specifically to inaction for a period of one year.

posed amendment and motion on April 22, 1971, although such filing was concededly preceded by the Rule 41 motion of the individual defendants. He had also furnished counsel for the individual defendants with a copy of his proposed amended and supplemented complaint a month before the 1971 Call of the Calendar, or within a year following the April 1970 Call of the Calendar. It follows that because action was taken by plaintiff within a year following the 1970 Call of the Calendar, there was no need on plaintiff's part, in my opinion, to furnish " * * * good reason for the inaction * * *" which preceded efforts made by him to have his complaint amended and supplemented by stipulation in March 1971.

The dismissal of a derivative stockholder action usually occurs under the provisions of Rules 41(e) and 23(c) as a result of loss of confidence in his case on the part of plaintiff's counsel. In the case at bar, on the other hand, plaintiff is of the opinion that his complaint, if permitted to be amended and supplemented within the framework of the original complaint, will state valid causes of action properly related to the matters originally complained of.

 In light of plaintiff's steps to develop his case in March of 1971 and the formal action taken by him within two weeks of the 1971 Call of the Calendar, as well as the fact that Rule 41 is permissive rather than mandatory, I conclude that this case should not now be summarily dismissed under the terms of such rule. In other words, plaintiff having complied with an express direction of the Court, and having taken some action between the 1970 and 1971 Calls of the Calendar, he should be given an opportunity to have his proposed amended and supplemented complaint tested to determine its compliance with the provisions of Rule 15, viewed in the light of the rulings in Townsend Corp. of America v. Davidson, 40 Del.Ch. 295, 181 A.2d 219, and Bokat v. Getty Oil Company (Del. Supr.) 262 A.2d 246.

The motion of the individual defendants for an order dismissing this action under the terms of Rule 41 for failure to prosecute and for inaction for a period of one year is denied.

■ Turning to plaintiff's proposed amended and supplemented complaint, it is immediately apparent that a large part of the pleading which he proposes to file by leave of Court relates to new matter and to new parties. Rule 15(aa) requires that:

> "A party serving an amended pleading shall indicate plainly in the amended pleading in what respect the amendment differs from the pleading which it amends."

Plaintiff having failed to comply with such rule, his motion to amend and supplement his complaint is denied without prejudice.

An appropriate order may be submitted on notice.