Herbert D. **RAYNOR** et al., Plaintiffs,

v.

**LTV AEROSPACE CORPORATION,**
Defendant.

Court of Chancery of Delaware.

March 6, 1974.

R. Franklin Balotti of Richards, Layton & Finger, Wilmington, for plaintiffs Herbert D. Raynor, Harris E. Phillips and Glenn Mary Phillips.

Borden B. Price, pro se.

Andrew G. T. Moore, II, of Killoran & Van Brunt, Wilmington, for defendant.

OPINION ON PROPOSED SETTLEMENT AND DISMISSAL; COURT DECLINES TO APPROVE PROPOSAL

QUILLEN, Chancellor:

The parties have requested the Court to approve, without notice to the other dis-

senting stockholders, a proposed settlement and dismissal with prejudice of the above-captioned matter, which is a consolidation of three separate appraisal actions brought under the provisions of Section 262 of the Delaware General Corporation Law by four petitioning stockholders. For the reasons set forth below, the Court declines to do so. The Court commends counsel for the full and open manner this matter was brought to the Court's attention.

Although there is no need to dwell at length on the facts and timing surrounding this litigation, a few essentials should be noted first.

The defendant, LTV Aerospace Corporation, (the "Company"), is a Delaware corporation and the survivor of a May 19, 1972 merger between itself and LTA–II Corporation. Prior to this merger, the Company, by proxy dated April 7, 1972, advised its stockholders of the pending merger, their right to object to it, and to demand payment from the Company for the value of their stock. Although the necessary majority of stockholders approved the merger at a meeting on April 28, 1972, all the petitioners and several

other objecting stockholders filed written objections with the Company on or before that date as required by 8 Del.C. § 262(b).

On May 25, 1972, the Company advised the dissenting stockholders of the effective date of the merger and of their right to demand payment of the value of their stock according to the procedure set forth in § 262. That notice to each dissenting stockholder included an extract from the Company's April 7, 1972 proxy statement and the complete text of § 262.[1]

The plaintiffs here and the Company failed to agree upon the value of their stock. Thereupon, each plaintiff filed a timely petition in accordance with the provisions of § 262(c) demanding an appraisal proceeding in this Court.[2] Civil Action No. 4044 was filed by Herbert D. Raynor. Civil Action No. 4052 was filed by Borden B. Price. And Civil Action No. 4053 was filed by Harris E. and Glenn Mary Phillips. On January 4, 1973, Chancellor Duffy signed an order consolidating these three actions into one, Civil Action No. 4044.

On November 13, 1972, as required by § 262(d),[3] the defendant filed a verified list

1. Section 262(b) provides, in part:
"The corporation surviving or resulting from any merger or consolidation shall within 10 days after the effective date of the merger or consolidation, notify each stockholder of any corporation of this State so merging or consolidating who objected in writing and whose shares either were not entitled to vote or were not voted in favor of the merger or consolidation, and who filed such written objection with the corporation before the taking of the vote on the merger or consolidation, that the merger or consolidation has become effective . . . If any such stockholder shall within 20 days after the date of the mailing of the notice demand in writing, from the corporation surviving or resulting from the merger or consolidation, payment of the value of his stock, the surviving or resulting corporation shall, within 30 days after the expiration of the period of 20 days, pay to him the value of his stock on the effective date of the merger or consolidation, exclusive of any element of value arising from the expectation or accomplishment of the merger or consolidation."

2. Section 262(c) provides:
"If during a period of 30 days following the period of 20 days provided for in subsection (b) of this section, the corporation and any such stockholder fail to agree upon the value of such stock, any such stockholder, or the corporation surviving or resulting from the merger or consolidation, may, by petition filed in the Court of Chancery within four months after the expiration of the period of 30 days, demand a determination of the value of the stock of all such stockholders by an appraiser to be appointed by the Court."

3. Section 262(d) provides, in part:
"Upon the filing of any such petition by a stockholder, service of a copy thereof shall be made upon the corporation, which shall within ten days after such service file in the office of the Register in Chancery in which the petition was filed a duly verified list containing the names and addresses of all stockholders who have demanded payment for their shares and with whom agreements as to the value of their shares have not been reached by the corporation."

with the Register in Chancery "containing the names and addresses of all of the stockholders of LTV Aerospace Corporation who have demanded payment for their shares and with whom agreements as to the value of their shares have not been reached by said corporation." More than forty dissenting stockholders were named on this list. However, presumably because the plaintiffs here and the Company immediately went into settlement negotiations, no time for an appraisal hearing was requested, none was set, and no notice of any hearing was given by the Register in Chancery.

The parties to the Consolidated Action No. 4044 now seek Court approval of a settlement whereby, in exchange for a dismissal with prejudice of their appraisal suit, the Company will pay each of the plaintiffs (Raynor, Price, and the Phillips) an amount per share in excess of a $9.125 value per share paid to certain dissenting stockholders with whom the Company was able to agree on valuation as allowed by § 262(b). At the same time, the parties ask that no notice of settlement and dismissal be given those forty-some other dissenting stockholders who did not sue the Company in the Court of Chancery on or before November 14, 1972 (the cut-off date, four months after a thirty day period following the twenty day period after the mailing of the notice of the effective date of the merger). The parties contend that the failure of each of those dissenting stockholders to actually file their own appraisal suits completely deprives them "of any further remedy afforded by the General Corporation Law."

The Court believes that the course of action proposed by the parties here is con-

trary to both the language and the purpose of the appraisal statute.

Section 262(c) (quoted in footnote 2, *supra*) does not require that *every* dissenting stockholder must petition the Court for the appointment of an appraiser. Rather it specifically allows *any* such dissenting stockholder to petition the Court and "demand a determination of the value of the stock of *all* such stockholders by *an* appraiser to be appointed by the Court." (Emphasis supplied).

■ To require each dissenting stockholder to file his own separate petition would be unwieldy and unreasonable. Certainly the framers of § 262 did not necessarily contemplate the filing of forty separate petitions, only to see them consolidated into *one* action with *one* appraiser who would determine the value of the stock of *all* the dissenting stockholders. Rather the statute contemplates a hearing, with notice by mail and publication to *all* dissenting stockholders [§ 262(d)], prior to the appointment of an appraiser. It should also be noted that § 262(e) makes clear that only *one* petition is necessary to require the Court to hold such hearing and that only after such hearing shall the Court "determine the stockholders who have complied with the provisions of this section and become entitled to the valuation of and payment for their shares." Only then will the Court appoint an appraiser who shall "afford a reasonable opportunity to the parties interested to submit to him pertinent evidence on the value of the shares."

■ The plaintiffs here argue that they alone have complied with the provisions of § 262 and that they alone are entitled to payment for their shares.[4] Although §

---

4. At least at the time they filed their petitions, three of the plaintiffs seemed to be espousing an interpretation of § 262(c) similar to the one the Court adopts here. In their prayers for relief, both Raynor (docket entry 1 in C.A. No. 4044) and the Phillips (docket entry 1 in C.A. No. 4053) pray that:
  "A. A summons issue, ordering Respondent . . . to comply with 8 Del.C.

§ 262 with respect to the filing of a list containing the names and addresses of *all stockholders* who have demanded payment for their shares of the common stock and warrants of Respondent and with whom agreements as to the value of their shares have not been reached by Respondent.

262(e) does not require the Court to determine which stockholders have perfected their right to the appraisal remedy until after a hearing, the Court here notes the following summarization by Professor Folk:

> "*Formalities for dissent.* Section 262(b) as revised in 1967 and amended in 1969, requires: (1) that the stockholder file a written objection with the corporation before the merger vote; (2) that his shares either have no voting rights or, if voting, that they were not voted for the merger; and (3) that he make a written demand on the corporation for cash payment of his shares within 20 days after the corporation notifies him of the effectiveness of the merger." Folk, The Delaware General Corporation Law, § 262, p. 374.

Since the verified list of dissenting stockholders provided by the defending Company would seem to indicate that all those listed have fulfilled these requirements,[5] and since a timely appraisal petition was filed with this Court, the Court has no reason to believe at this time that those stockholders who are not now parties to the proposed settlement are not entitled to notice of and participation in that settlement.

Besides the specific language of the statute, both precedent and the particular facts of this litigation compel this conclusion. For more than twenty years, the appraisal statute has been recognized as providing a single procedure in which all the dissenting stockholders who have perfected their right to appraisal will participate. In Southern Production Company v. Sabath, Chief Justice Southerland wrote:

> B. The Court determine *which of said stockholders* are entitled to payment under 8 Del.C. § 262.
> C. The Court appoint an Appraiser to determine the value, and this Court ultimately by its decree determine the *value, of the common stock and warrants of Respondent,* and direct the payment of such value, together with interest from the effec-

"The Court of Chancery is given general control over the appraisal in a proceeding in the nature of a class suit, to which the corporation and all dissenting stockholders are made parties and in which they are subjected to the jurisdiction of the court." 32 Del.Ch. 497, 508, 87 A.2d 128, 134 (Sup.Ct.1952).

More recently, in Levin v. Midland-Ross Corporation, 41 Del.Ch. 352, 353–354, 194 A.2d 853, 854 (Ch.1963), Vice Chancellor Marvel wrote:

> "[S]tockholders of a Delaware corporation who have properly registered dissent have a statutory right to have their shares appraised on the merger of their corporation with another. In so doing, they are not, of course, required to engage the services of an attorney or of an expert to represent their interests in the statutory proceedings designed to arrive at a proper valuation of their securities. This being so, such dissenting stockholders are, in my opinion, entitled to receive the full amount allowed them in an appraisal proceeding subject only to the taxing of such costs as are permitted by statute . . .
>
> Obviously, there is an element of inequity in having dissident stockholders 'go along for the ride', as it were, while other stockholders incur the expense of engaging the services of counsel or of an expert or both often with results, as here, beneficial to all the dissenting stockholders . . ."

■ Therefore, in the case at bar, those dissenting stockholders who are not presently petitioners will not be deprived of their rights under § 262 simply because

tive date of the merger, *to the stockholders entitled thereto.*"
(Emphasis supplied).

5. It does not, however, constitute an admission by the corporation. 8 Del.C. § 262 (e); In Re Universal Pictures Co., 28 Del. Ch. 72, 37 A.2d 615 (Ch.Ct.1944).

they have apparently decided to "go along for the ride." Moreover, the Court must note that, although the Register in Chancery has not yet sent out formal notice to all dissenting stockholders of an appraisal hearing yet to be held, the court jackets do contain correspondence from such dissenting stockholders who indicated an awareness of the appraisal proceeding. The Register in Chancery answered such inquiries by informing such persons that their names were on the verified list of dissenting stockholders and referring them to plaintiffs' attorney. These stockholders are relying on the pendency of this consolidated lawsuit. Given the language of § 262 and precedent such as that discussed above and the statutory notices, the Court can only conclude that these dissenting stockholders considered, subject to Court verification under the statute, that their rights to appraisal have been properly perfected and saw no need to file their own separate petitions for appraisal. Therefore, the Company should not now be heard to argue that those dissenting stockholders, because they did not individually file a petition with the Court, are without appraisal rights. Once a petition was filed, those other dissenting stockholders had a right to rely on the language of § 262 and believe that their stock would be valued in the appraisal proceeding. The Company will not be allowed to defeat the rights of those other dissenting stockholders by settling at a premium with the present plaintiffs. Rather, as provided by § 262(d), a hearing shall be noticed and held after which the Court shall determine those stockholders who have become entitled to the valuation of and payment for their shares. Thereafter, these dissenting stockholders shall be entitled to participate equally with the plaintiffs in any settlement of this consolidated appraisal action.

The Court declines to approve the proposed dismissal of the consolidated action. Counsel should present an order as soon as practical in accordance with 8 Del.C. § 262(d) and (e).