**Clarence H. LUTZ et al., Plaintiffs,**

**v.**

**The A. L. GARBER COMPANY, INC., a Delaware Corporation, and/or The A. L. Garber Company, Inc. (Old Garber), a Delaware Corporation, Defendants.**

Court of Chancery of Delaware, New Castle County.

July 9, 1974.

William O. LaMotte, III, and Martin P. Tully, Morris, Nichols, Arsht & Tunnell, Wilmington, and John H. Hall, Debevoise, Plimpton, Lyons & Gates, New York City, for defendants.

Clarence H. Lutz, pro se.

QUILLEN, Chancellor:

On September 17, 1973, the A. L. Garber Company, Inc. merged into New Garber Delaware Corporation with the latter company assuming the name of A. L. Garber Company, Inc. On September 26, 1973 the surviving corporation, pursuant to the appraisal statute caused notice of the effective date of the merger to be sent to those stockholders who wrote letters objecting to the merger. Under Section 262(c) of the Delaware Corporation Law, stockholders who had properly objected to the merger, had not voted for the merger, had demand-

ed payment for their stock, were entitled to commence an appraisal proceeding on November 15, 1973. This right is, however, subject to a four month limitation by Section 262(c). The limitation period ended on March 16, 1974.

The plaintiff, by letter dated February 21, 1974, filed the complaint in this action on February 25, 1974. The petition was not accompanied with directions for issuance of the summons and service of the summons and complaint upon the corporation. On February 26, 1974, the day after receipt and filing of the petition, the Register in Chancery notified the plaintiff that he "did not give instructions as to whom the summons and copy of the complaint should be served upon along with the address". On April 23, 1974 (39 days after the expiration of the limitation period), Garber was served with a summons and petition for appraisal.

It appears from the record and the discussion at oral argument, the Court understanding there is no objection as to form, that the plaintiff left his home to go to Tennessee on February 23 and did not return until March 17. By letter dated March 25, 1974, the plaintiff wrote the Department of State requesting name and address of the person on whom legal service could be made. The Department of State sent a reply, which was received by the plaintiff on March 28, and requested a $5.-00 search fee. The plaintiff forwarded the fee. By letter dated April 10, the Department of State advised the plaintiff of the name of the registered agent. The plaintiff, by letter dated April 15, 1974 advised the Register in Chancery of the name of the registered agent. This document was filed in the Register's Office on April 22 and directions to the Sheriff went out the same day.

The corporation, pursuant to Rule 12(b), Del.C.Ann., has moved to dismiss the petition on the ground that the action is barred by the four month limitation period set by Section 262(c). In particular, the corporation claims the action is barred by reason of petitioner's failure to give timely instructions for the service of his petition on Garber.

Other than the inconvenience of participating in the lawsuit and the general desirability of the corporation to have this matter settled, no particular prejudice has been claimed by the corporation.

The case is complicated by the fact that it involves our corporation law and in particular our appraisal statute as well as general principles of limitations. There is indeed a legitimate interest in having all questions concerning corporation mergers promptly resolved in order that the business can proceed smoothly and with some certainty as to legal status. Thus it is that the statutory formalities for dissent under Section 262 have been strictly enforced. Certainly, if the corporation had any specific prejudice, that fact would carry great weight. Moreover, even without specific prejudice, it would seem desirable, insofar as the corporation law is concerned, to strictly enforce a requirement of service after the filing of the complaint in Section 262 cases.

But, under the general law, there are times when service is made after the limitation period and cases are not dismissed. Filing tolls the statute of limitation subject to the qualifications that plaintiff must have a bona fide intent to prosecute his claim diligently and that there be no unreasonable delay in the service of process. *Biby v. Smith*, Del.Super., 272 A. 2d 116 (1970). On the facts we cited above, it seems clear that the plaintiff has had a bona fide intent to prosecute his claim. The question is one of "unreasonable delay".

While the delay to the corporation was almost two months after filing and 39 days after the limitation period, it should be noted that the plaintiff was away from home on approximately 23 of those days and further was involved with correspon-

**188**

dence with the Department of State in order to obtain the name of the registered agent of the corporation during a portion of the balance of the time. This is not a case where the plaintiff instructed that service be withheld or indicated from the beginning that he understood his responsibility to make service and was delaying his performance of that responsibility. I do not believe it can be said under these circumstances that the plaintiff's delay was unreasonable.

Another factor seems important to me. While it is clear to practicing lawyers generally and to those familiar with Delaware practice that one filing a complaint has a duty to give directions as to service, it is not necessarily clear in the context of an appraisal suit where notice goes to persons, lawyers and laymen alike, all over the country.

Section 262(d) says: "Upon the filing of any such petition by a stockholder, service of a copy thereof shall be made upon the corporation, . . ." Rule 4 of this Court's rules says: "Upon the commencement of an action, the Register in Chancery shall forthwith issue a summons and deliver it for service to the sheriff or coroner of the appropriate county or to a person, specifically appointed to serve it. Upon request of the plaintiff, separate or additional summonses shall issue against any defendants." To the unfamiliar, neither the statute nor the rule pinpoints the responsibility for supplying the name of the person upon whom service is to be made. While ignorance in this regard is perhaps no excuse, when there is no counterbalancing equity, it seems that one who has acted reasonably. promptly when his deficiency has been noted should receive the benefit of his substantive rights under our corporation law.

It may well be that in the context of the corporate appraisal statute, it would be well to require service within a specific period of time. But the Legislature has not

seen fit to do so and under the general principles governing such limitation problems, this Court cannot find that the plaintiff's delay was unreasonable.

Accordingly, the motion to dismiss the complaint is denied. It is so ordered.