**Clarence H. LUTZ, Plaintiff,**

v.

**The A. L. GARBER COMPANY, INC., Defendant.**

Court of Chancery of Delaware, New Castle.

Submitted April 21, 1976.

Decided May 3, 1976.

Clarence H. Lutz, plaintiff, pro se.

?William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, and John H. Hall, of Debevoise, Plimpton, Lyons & Gates, New York City, for defendants.

QUILLEN, Chancellor:

Subsequent to a merger resulting in a surviving Delaware corporation, A. L. Garber Company, Inc., Clarence H. Lutz filed a complaint for an appraisal pursuant to 8 Del.C., § 262. In response to the complaint, the defendant filed a motion to dismiss on the basis of the statute of limitations set forth in 8 Del.C., § 262(c) and laches. The corporation also filed a verified list of stockholders. The verified list of stockholders included the holders of sixteen separate blocks of stock. The motion to dismiss was denied. *Lutz v. A. L. Garber Company, Inc.,* Del.Ch., 340 A.2d 186 (1974). On appeal, the denial of the motion to dismiss was affirmed. *A. L. Garber Company, Inc. v. Lutz,* Del.Supr., 340 A.2d 188 (1975).

Thereafter, Mr. Lutz, who expressed a desire to settle at ten dollars per share, felt the risk of litigation expense too burdensome to proceed with the case. He surrendered all his shares for payment in accordance with the original terms of the agreement of merger dated July 27, 1973 ($8 per share). The corporation accepted the tender and full payment was made to Mr. Lutz for all the shares in which he had an interest. There has now been submitted to the Court a stipulation of dismissal signed by Mr. Lutz and counsel for the corporation[1] and a letter memorandum from counsel for the corporation taking certain positions in regard to the requested dismissal.

The stipulation of dismissal recites that no compensation in any form has passed directly or indirectly from the defendant to the plaintiff and that no promise to give compensation has been made. The opera-

---

[1] The stipulation also includes a co-owner with Mr. Lutz of one block of stock but for simplicity this opinion treats all the plaintiff's stock as his alone.

tive portion of the stipulation reads as follows:

> "IT IS THEREFORE STIPULATED AND AGREED by and between the undersigned that:

> "1. This proceeding is hereby dismissed as to Clarence H. Lutz . . . but without prejudice to the rights, if any, of other similarly situated shareholders to seek appraisal of their shares under 8 Del.C. § 262 as and to the extent thereby permitted.

> "2. This dismissal is without costs to either party." [2]

Although the stipulation of dismissal does not recite the Court Rule being relied upon, the corporation first argues that the stipulation is a stipulation of voluntary dismissal pursuant to Rule 41(a)·(1) of the Court of Chancery.[3] It simply requests that the Court sanction the filing of the stipulation under that provision of the Rule.

Secondly, counsel for the corporation argues that, even if approval by Court order is required by analogy to class actions, Court approval of this dismissal is warranted and notice to other dissenting shareholders should not be required under the terms of Rule 23(e) of the Court of Chancery. See footnote 5, *infra.*

For reasons which appear below, it is my conclusion that the position of counsel is in error in the first respect and that the present stipulation of dismissal should only be considered as an application requiring

approval by Court order pursuant to Rule 23(e). I find that such approval should be granted with out notice in the customary sense to other dissenting stockholders.

■ Initially, in my judgment, Rule 23(e) is applicable and there does not have to be an express exception for statutory appraisal proceedings in Rule 41(a)(1). As was noted in *Raynor v. LTV Aerospace Corporation,* Del.Ch., 317 A.2d 43, 45 (1974), Section 262(c) authorizes *"any"* dissenting stockholder to petition the Court and "demand a determination of the value of the stock of *all* such stockholders by *an* appraiser to be appointed by the Court." (Emphasis supplied). See footnote 7, infra. The statutory language itself gives an appraisal proceeding its class action aspects and consequently dismissals thereunder are subject to Rule 23(e) by the express terms of Rule 41(a)(1). There is really no necessity to go beyond the statutory language but the case law only goes to reinforce the conclusion that Rule 23(e) is applicable to the dismissal of an appraisal action.

In the *Raynor* case, the Court refused to approve a premium settlement of an appraisal proceeding between the plaintiffs and the corporation without determining the other dissenters entitled to the valuation of and payment for their shares and without giving such dissenters an opportunity to participate in any settlement. *Raynor v. LTV Aerospace Corporation, supra,* at 317 A.2d 47.

The cases cited in *Raynor* also bear on the instant case. As was noted there, for

---

2. Presumably, this means that neither side will pay the costs of the other. It does not mean that the court costs will not be paid. Compare Rule 41(a)(1), *infra,* footnote 3.

3. Rule 41(a)(1) reads as follows:
   *"(a) Voluntary Dismissal; Effect Thereof.*
   *"(1) By Plaintiff; by Stipulation.* Subject to payment of costs and the provisions of Rule 23(e) [and Rule 23.1] an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the

adverse party of an answer or of a motion for summary judgment, whichever first occurs or (ii) by filing a stipulation or dismissal signed by all the parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

more than twenty years, the appraisal statute has been recognized as providing a single procedure in which all the dissenting stockholders who have perfected their right to appraisal will participate. In *Southern Production Com. v. Sabath,* Chief Justice Southerland wrote:

> "The Court of Chancery is given general control over the appraisal in a proceeding in the nature of a class suit, to which the corporation and all dissenting stockholders are made parties and in which they are subjected to the jurisdiction of the court." *Supra,* 32 Del.Ch. 497, 87 A.2d 128, 134 (1952).

More recently, in *Levin v. Midland-Ross Corporation,* 41 Del.Ch. 352, 194 A.2d 853, 854 (1963), Vice Chancellor Marvel wrote:

> "[S]tockholders of a Delaware corporation who have properly registered dissent have a statutory right to have their shares appraised on the merger of their corporation with another. In so doing, they are not, of course, required to engage the services of an attorney or of an expert to represent their interests in the statutory proceedings designed to arrive at a proper valuation of their services. This being so, such dissenting stockholders are, in my opinion, entitled to receive the full amount allowed them in an appraisal proceeding subject only to the taxing of such costs as are permitted by statute . . .

> "Obviously, there is an element of inequity in having dissident stockholders 'go along for the ride', as it were, while other stockholders incur the expense of engaging the services of counsel or of an expert or both often with results, as here, beneficial to all the dissenting stockholders . . ." [4]

Similarly, in *Borer v. Associated General Utilities,* 35 Del.Ch. 123, 111 A.2d 707 (1955), Chancellor Seitz held that the provisions of the Court of Chancery Rules governing the dismissal and compromise of class actions were applicable to the dismissal and compromise of actions brought to review corporate elections.

■ I therefore conclude that both the statute and case law require an appraisal proceeding to be treated as a class action for the purpose of dismissal or compromise.

The case therefore must turn on the application of Rule 23(e).[5] The corporation argues that this dismissal should be without notice to other dissenting stockholders. It is, the corporation contends, within the express exception of the Rule since it is "without prejudice to the rights, if any, of other similarly situated shareholders" and since no compensation in any form has passed directly or indirectly from the defendant to the plaintiff and since no promise to give compensation has been made. It should be noted that exception provides that "such dismissal *shall* be ordered without notice" if its conditions are met. (Emphasis added). The corporation further argues that the case is distinguishable from the *Raynor* case in two key respects. First, in this case, there is no premium set-

4. Under recently enacted legislation, House Bill No. 916 with House Amendment No. 1, 60 Del.Laws, Ch. 371, § 262(h) will authorize the Court to prorate costs. This legislation also makes other important changes in § 262 which will become effective on July 1, 1976.

5. Rule 23(e) reads as follows:
"*(e) Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice by mail, publication or otherwise of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs; except that if the dismissal is to be without prejudice to the class or with prejudice to the plaintiff only, then such dismissal shall be ordered without notice thereof if there is a showing that no compensation in any form has passed directly or indirectly from any of the defendants to the plaintiff or plaintiff's attorney and that no promise to give any such compensation has been made."
Compare Rule 23(e), *Federal Rules of Civil Procedure.*

tlement, merely a redemption on the original offer. Second, no stockholder here who has communicated with either the company or the Register in Chancery continues to hold unredeemed shares and thus there is no probability that other dissenting stockholders relied on the pendency of this suit.

But I think the context of appraisal action is somewhat unique and that context should be fully examined as well as other considerations.

■ In the first place, this Court has held, notwithstanding the language of the exception in the Rule, that to do justice the Court may exercise discretion in regard to notice. *Hutchison v. Bernhard*, Del.Ch., 220 A.2d 782, 784 (1965).[6] See also *Borer v. Associated General Utilities Company*, *supra*. Even when notice has not been required, the Court has balanced the interests involved and not considered the exception mandatory. *Jaeger v. Muscat*, Del.Ch., 221 A.2d 607 (1966). The fact that the corresponding Federal Rule does not contain the exception gives further support as a policy

matter to a discretionary exercise of the exception.

Secondly, the statutory procedure in appraisal cases makes it a special classification of a class lawsuit and not just a general class action. There is under § 262(b) a required communication from a corporation to the dissenters which follows other required communications prior to the merger. The probabilities for communication among the dissenters and reliance on a pending suit is greater simply due to the period of concentrated stockholder activity.[7]

■ Moreover, after a period for a stockholder demand for payment and an opportunity for the stockholder and the corporation to agree on the value of the stock, the statute of limitations for suit is only four months.[8] While the running of the limitations period is not generally considered a decisive factor under the Rule 23(e) exception [*Hutchison v. Bernhard*, *supra*, 220 A.2d at 784] and while the corporation here is willing to concede, for whatever value it may have, that the limi-

---

6. Given this precedent, the Court should probably consider the use of the word "may" instead of "shall" in Rule 23(e). It certainly does little good for the law to say that words means what they do not.

7. Section 262(b) reads as follows:

"(b) The corporation surviving or resulting from any merger or consolidation shall within 10 days after the effective date of the merger or consolidation, notify each stockholder of any corporation of this State so merging or consolidating who objected in writing and whose shares either were not entitled to vote or were not voted in favor of the merger or consolidation, and who filed such written objection with the corporation before the taking of the vote on the merger or consolidation, that the merger or consolidation has become effective. Such notice shall likewise be given to each stockholder whose corporation approved the merger or consolidation pursuant to section 228 of this title without a meeting of its stockholders and who either did not, or had no right to, consent in writing to the merger or consolidation. If any such

stockholder shall within 20 days after the date of mailing of the notice demand in writing, from the corporation surviving or resulting from the merger or consolidation, payment of the value of his stock, the surviving or resulting corporation shall within 30 days after the expiration of the period of 20 days, pay to him the value of his stock on the effective date of the merger or consolidation, exclusive of any element of value arising from the expectation or accomplishment of the merger or consolidation."

8. Section 262(c) reads as follows:

"(c) If during a period of 30 days following the period of 20 days provided for in subsection (b) of this section, the corporation and any such stockholder fail to agree upon the value of such stock, any such stockholder, or the corporation surviving or resulting from the merger or consolidation, may, by petition filed in the Court of Chancery within four months after the expiration of the period of 30 days, demand a determination of the value of the stock of all such stockholders by an appraiser to be appointed by the Court."

tations period is tolled during the pendency of this action, a concession not involving much risk as shown by the prior reported opinions in this case[9], nonetheless the short period of limitations also puts appraisal cases in a special category demanding some caution for the protection of viable stockholder interests.

■ But the exception contained in our Rule 23(e) must be given some effect. It cannot, as a matter of discretion, simply be ignored in every case. It is there. In this case, in addition to the general purpose of the exception in Rule 23(e), i. e., "to dispose of class actions where there is no inclination to press for a judicial determination and where that attitude has not been influenced by the receipt of anything of value" [*Hutchison v. Bernhard, supra,* 220 A.2d 784], and in addition to "the benefits to be gained by an orderly policing of a trial calendar" [*Jaeger v. Muscat, supra,* 221 A.2d at 609], there are special factors which weigh against the Court's discretionary requirement of notice, as that term is generally used in the sense of notice of a hearing date and an opportunity to be heard.

One factor is simply the age of this case. The complaint was filed on February 25, 1974. According to the complaint, the merger was effective on September 17, 1973. It is extremely unlikely that there still exists any stockholder who desires to pursue an appraisal proceeding simply in light of the age of the case.

A second factor, previously mentioned, is the improbability that any stockholder has relied on the pendency of this suit. As noted previously, the corporation has pointed out that no stockholder who has communicated with either the corporation or the Register in Chancery remains with unredeemed shares. Moreover, it is the policy of this Court not to permit examination of

a file or publication of the pendency of a lawsuit until a return of a service is made. Court of Chancery Rule 90(a). In this case the Sheriff's return was not made until April 25, 1974 and the four month limitation period in § 262(c) expired on March 16, 1974. Thus, the corporation's position of no probable stockholders' reliance is enhanced by the late service. It is, on the basis of the record, practically impossible that any stockholder has in fact relied on the pendency of this case to preserve his rights.

Thirdly, counsel for the corporation, at the request of the Court, submitted a letter dated April 21, 1976 bringing the Court up to date as to which stockholders appearing on the verified list filed by the corporation in this case have not tendered their shares in exchange for the consideration to which they were entitled under the terms of the merger. The letter by clear probability indicates that only two shareholders remain in this category. One of these stockholders, an Illinois resident, holds only a nominal interest (12 shares) and the other stockholder (a Virginia resident with 377 shares) does not hold a sufficient interest to make the taking up of the prosecution of an appraisal proceeding a reasonable business probability. There is no indication that either of these stockholders has ever had or has now any interest in prosecuting this matter. Neither of them initiated suit or corresponded with the corporation or the Register in Chancery about this suit. Since they have not sought to preserve their rights or manifested any interest therein, the Court should not force continued litigation at least in the form of a further hearing.

■ In balancing all of the factors present in this case, it is my judgment that the Court should approve the dismissal of

9. The corporation claimed that this case was filed late due to a delay in service upon it. See prior opinions herein. *Lutz v. A. L.* *Garber Company, Inc.,* Del.Ch., 340 A.2d 186 (1974), aff'd *A. L. Garber Company, Inc. v. Lutz,* Del.Supr., 340 A.2d 188 (1975).

the case in accordance with the stipulated terms of the dismissal and pursuant to the exception in Rule 23(e) that is, without notice, in the ordinary sense, to other members of the class. Counsel for the corporation should submit an affidavit confirming the facts related in his letter of April 21, 1976 and an order dismissing the case pursuant to the Rule 23(e) exception on the basis of the stipulation of dismissal now on file. I am, however, directing the Register in Chancery to send a copy of this opinion by regular mail, special delivery, to the two above mentioned dissenters, who have not redeemed their shares, at the addresses appearing on the verified list of stockholders. I will not enter any order until May 15, 1976. If either of such stockholder takes issue with the contents of this opinion, he should file a written objection with the Register in Chancery prior to May 15, 1976. If any such objection is filed, it will be considered prior to the entry of any order.