Robert T. DOFFLEMYER and Josephine C. Dofflemyer, Petitioners Below, Appellants,

v.

W. F. HALL PRINTING COMPANY, a corporation of the State of Delaware and Mobil-Hall Corporation, a corporation of the State of Delaware, Respondents Below, Appellees.

Supreme Court of Delaware.

Submitted April 14, 1981.

Decided June 19, 1981.

Lester J. Taufen (argued), of Connolly, Bove & Lodge, Wilmington, for petitioners below-appellants.

Louis J. Finger (argued), and Helen L. Winslow, of Richards, Layton & Finger, Wilmington, and Alan R. Sloate, New York City, of counsel, for respondents below-appellees.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

HERRMANN, Chief Justice:

In this case concerning a corporate merger, we are required to decide whether a dissenting shareholder who has petitioned for appraisal under 8 *Del.C.* § 262 [1] must,

---

1. 8 *Del.C.* § 262 provides in part, as follows:

"§ 262. Appraisal rights.

"(a) Appraisal rights under this section shall be available only for the shares of any stockholder who has complied with subsection (b) of this section and has neither voted in favor of the merger nor consented thereto in writing pursuant to § 228 of this title. * * *

"(b) Appraisal rights under this section shall be determined as follows:

"(1) If a proposed merger or consolidation for which appraisal rights are provided under this section is to be submitted for approval at a meeting of stockholders, the corporation, not less than 20 days prior to the meeting, shall notify each of its stockholders entitled to such appraisal rights that appraisal rights are available for any or all of the shares of the constituent corporations, and shall include in such notice a copy of this section. Each stockholder electing to demand the appraisal of his shares under this section shall deliver to the corporation, before the taking of the vote on the merger or consolidation, a written demand for appraisal of his shares. * * *

Within 10 days after the effective date of such merger or consolidation, the surviving corporation shall notify each stockholder of each constituent corporation who has com-

after the 60-day cutoff specified in § 262(i), obtain the consent of the respondent corporation in order for his appraisal claim to be dismissed.

## I.

This litigation arises out of a merger, on February 21, 1979, of the W. F. Hall Printing Company ("Hall") into the Mobil-Hall Corporation ("Mobil-Hall"), both Delaware corporations and appellees here.[2] In this merger, as a result of which Hall would be completely absorbed by Mobil-Hall, all Hall common stockholders were paid $27.50 in cash for each share of Hall stock.

The appellants, Robert and Josephine Dofflemyer ("the Dofflemyers") were at all times relevant to this proceeding the holders of 700 shares of Hall common stock. The Dofflemyers objected to the above merger and, on June 14, 1979, filed a petition in the Court of Chancery for appraisal of their Hall stock under 8 *Del.C.* § 262. By order of the Court, two other shareholders, each holding 30 Hall shares, were included in the appraisal action. 8 *Del.C.* § 262(e).

On July 20, 1979, the Dofflemyers filed a separate action in the Court of Chancery attacking the merger as fraudulent and unlawful and seeking to have the merger set aside. Apparently concerned about the possible collateral estoppel-res judicata effect which the appraisal action might have upon their merger action, the Dofflemyers commenced a series of unsuccessful attempts to delay the appraisal proceeding over Hall's objections.

On August 10, 1979, the Dofflemyers moved to stay the appraisal proceeding pending a determination of their right to relief in the merger action. The Court denied the motion without prejudice to renew at a later stage. On November 29, 1979, the Dofflemyers filed a second motion to stay the appraisal case or, in the alternative, to consolidate the appraisal action with the merger action. On January 10, 1980, the Dofflemyers filed yet another motion to stay the appraisal case.

On January 15, 1980, the Court of Chancery denied the motions to stay and/or consolidate. The Court was apparently influenced in its decision by Hall's representation that it had gone to considerable trouble to prepare for the appraisal proceeding, and by the fact that the value issue would also be an element of the merger action. The Court also expressed the view that "the law appears to be that [the Dofflemyers] cannot now withdraw from the appraisal action filed by them without the consent of the corporation." Since Hall opposed the with-

---

piled with this subsection and has not voted in favor of or consented to the merger or consolidation of the date that the merger or consolidation has become effective, * * *.

"(c) Within 120 days after the effective date of the merger or consolidation, the corporation or any stockholder who has complied with subsections (a) and (b) of this section and who is otherwise entitled to appraisal rights under this section may file a petition in the Court of Chancery demanding a determination of the value of the stock of all such stockholders. Notwithstanding the foregoing, at any time within 60 days after the effective date of the merger or consolidation, any stockholder shall have the right to withdraw his demand for appraisal and to accept the terms offered upon the merger or consolidation.

· "* * * *

"(i) Any stockholder who has demanded his appraisal rights as provided in subsection (b) of this section shall thereafter neither be entitled to vote such stock for any purpose nor be entitled to the payment of dividends or other distribution on the stock (except dividends or other distributions payable to stockholders of record at a date which is prior to the effective date of the merger or consolidation); provided, however, that if no petition for an appraisal shall be filed within the time provided in subsection (c) of this section, or if such stockholder shall deliver to the corporation a written withdrawal of his demand for an appraisal and an acceptance of the merger or consolidation, either within 60 days after the effective date of the merger or consolidation as provided in subsection (c) of this section or thereafter with the written approval of the corporation, then the right of such stockholder to appraisal shall cease. Notwithstanding the foregoing, no appraisal proceeding in the Court of Chancery shall be dismissed as to any stockholder without the approval of the Court, and such approval may be conditioned upon such terms as the Court deems just."

2. For convenience, the two corporations will be referred to collectively as "Hall," except where the context otherwise indicates.

drawal, the Court ordered that the appraisal action proceed, and granted the Dofflemyers a final two weeks in which to prepare their case.

Just six days before the hearing date set for the appraisal proceeding, the Dofflemyers filed a motion under Court of Chancery Rule 41[3] to dismiss with prejudice the appraisal action as to them, alleging, *inter alia*, that they had a right to withdrawal from the appraisal, and that their dominant wish was to pursue their merger action. At the appraisal hearing on January 30, 1980, the Court denied the Dofflemyer's Motion to Dismiss[4] and ordered the parties to proceed. However, counsel for the Dofflemyers refused to present evidence, cross-examine witnesses, or participate in any way in the hearing, although he remained present in the courtroom throughout.

Thus, the Dofflemyers chose to stand upon their Motion to Dismiss the appraisal action. It is from the denial of that Motion that the Dofflemyers bring this appeal. We affirm.

## II.

Under 8 *Del.C.* § 262, a shareholder who objects to a corporate merger, and is dissatisfied with the value offered for his shares, may seek an appraisal. If the shareholder does not vote in favor of the merger, 8 *Del.C.* § 262(a), and delivers to the corporation a timely written demand for appraisal of his shares, 8 *Del.C.* § 262(b), he may thereafter file a petition in the Court of Chancery demanding a determination of the stock value, so long as he does so "[w]ithin 120 days after the effective date of the merger * * *." 8 *Del.C.* § 262(c). The Statute also provides, however, that a shareholder may withdraw his demand for appraisal, and accept the terms of the merger, "at any time within 60 days after the effective date of the merger * * *." 8 *Del.C.* § 262(c).

The status of a shareholder who has demanded his appraisal rights is covered by § 262(i), quoted above. As has been indicated, the controversy in the instant case arises out of the scope and application of § 262(i). The issue is whether the Dofflemyers—who filed their petition 113 days after the effective date of the merger, thus placing themselves within the 120-day limit but outside the 60-day cutoff period—are foreclosed by § 262(i) from dismissing their appraisal action without the consent of the corporation. We hold that they are; that, under the express language of § 262(i), a shareholder may not, after the 60-day cutoff period, withdraw from an appraisal and resume the rights to which he would have been entitled as a shareholder, without the written approval of the corporation.

### A.

Obviously, § 262(i) accomplishes two purposes: (1) It establishes that a dissenting shareholder, who elects to demand his appraisal rights rather than accept the terms of the merger, is no longer to enjoy the incidents of stock ownership. Thus, after

---

**3.** Court of Chancery Rule 41 provides in pertinent part:

"Rule 41. Dismissal of Actions

"(a) Voluntary Dismissal; Effect Thereof.

"(1) By Plaintiff; by Stipulation. Subject to payment of costs and the provisions of Rule 23(e) and Rule 23.1 an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs or (ii) by filing a stipulation or dismissal signed by all the parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

**4.** In its denial of the Rule 41 Motion, the Chancery Court gave three reasons: (1) the Dofflemyers had had an adequate time in which to prepare; (2) there were two other shareholders who were entitled to an appraisal, and who had to be considered in determining whether to go ahead with the appraisal proceeding; and (3) Hall had been compelled to go forward with preparations for the appraisal hearing when the action was filed and it was ready with its witnesses to proceed in accordance with the Trial Court's schedule.

demanding appraisal, a dissenting shareholder is unable to vote his shares and, during any hiatus between the merger and the appraisal award, he is unable to receive dividends, or other distribution upon the shares. (2) The Statute also sets forth the exclusive conditions under which a dissenting shareholder is permitted to reacquire the rights of stock ownership. If any one of the enumerated conditions is met, the shareholder is permitted to avoid his appraisal election, and accept the terms of the merger.

This manifest scheme of § 262(i) comports with the views expressed by this Court almost thirty years ago in *Southern Production Company, Inc. v. Sabath*, Del.Supr., 87 A.2d 128 (1952). There this Court dealt with the 1943 Amendment to former § 61 of the General Corporation Law. That Amendment was the precursor of the present § 262(i) and contained very similar language. See 1935 *Del.C.* § 2093, as amended, 44 *Del.Laws*, ch. 125 § 6. In *Sabath*, this Court wrote of the effect of that Amendment:

> "Prior to the amendment of 1943 . . . , although a dissenting stockholder was said to be 'given an election' or 'put to an election' by the statute . . . , no time was set when such election must be made; and it is at least doubtful whether prior to the award the corporation acquired any equitable or other right to the shares of the dissentient."

87 A.2d at 133–34 (citations omitted). And this Court stated that the Amendment resolved this problem by providing that

> "a stockholder who shall have perfected his right to appraisal and payment shall be deprived of the three principal rights belonging to the stock, viz., the right to vote, the right to dividends, and the right to any other distribution upon it, unless one of the three events or conditions shall thereafter occur. * * * Upon the happening of any of these conditions the stockholder loses his right to appraisal and payment and reacquires the rights belonging to his stock theretofore lost.
> " * * * *

> " * * * [I]t is clear that upon the completion of the steps required to perfect the right to appraisal the stockholder has made an election to withdraw from the corporate enterprise and take the value of his stock—an election which is irrevocable unless one of the three conditions specified in the statute shall subsequently occur."

87 A.2d at 133–34.

Similarly, under the current § 262(i), there exist three conditions under which the right to appraisal may cease: (1) if the shareholder fails to file his petition within the 120-day limit set forth in § 262(c); (2) if the shareholder delivers to the corporation a written withdrawal of his demand for appraisal within the 60-day election of remedy cutoff specified in § 262(c); or (3) if the shareholder delivers to the corporation such a withdrawal after the 60-day cutoff "with the written approval of the corporation."

In the instant case, the Dofflemyers filed their petition on the 113th day after the effective date of the merger, easily within the 120-day limit and long after the 60-day cutoff date. Furthermore, the Dofflemyers have not secured Hall's written approval of their attempted withdrawal. Hall, for its part, has not tendered its approval, and is not obliged to. Thus, the Dofflemyers have failed to meet any of the conditions enumerated in § 262(i).

### B.

The Dofflemyers argue that *Sabath* and the election-of-remedy cutoff in § 262(i) do not govern the instant situation, a cash-for-stock merger. They contend that § 262(i), the first portion of which relates to the incidents of stock ownership, logically applies only to a stock-for-stock merger. They reason that it is only in a stock-for-stock merger that a shareholder, after the merger, still enjoys the incidents of stock ownership described in § 262(i); that, on the other hand, a shareholder in a cash-for-stock merger is but a cash claimant of the corporation and is deprived of the incidents of stock ownership. It follows, they assert, that the language of § 262(i) pertaining to

the requirement of consent by the surviving corporation must also apply only to stock-for-stock mergers. The Dofflemyers conclude that *Sabath* fully supports this distinction, because that case involved a stock-for-stock merger.

We find the Dofflemyers' position untenable. As this Court pointed out in *Sabath*, one of the principal purposes behind the predecessor to § 262(i) was to settle the troublesome issue of who possessed the incidents of stock ownership after the dissenter demanded appraisal, but before the appraisal award. This problem presents itself in both stock-for-stock and cash-for-stock mergers. We find no evidence of a legislative intent, and the Dofflemyers have offered none, supporting their contention that § 262(i) was meant to apply only to stock-for-stock mergers.

■ The Dofflemyers correctly point out that, in 1943, when the Statute here involved was initially formulated, and in 1952, when *Sabath* was decided, cash-for-stock mergers were not authorized in Delaware. The long-form cash-for-stock merger was not authorized by statute until 1967.[5] This fact, however, is not determinative. Section 262(i) applies to "*[a]ny* stockholder who has demanded his appraisal rights as provided in subsection (b) of this section." This would clearly include the Dofflemyers, who demanded appraisal in a cash-for-stock merger under § 262(b). The language of § 262(i) is broad and general in its terms; it is clear and unambiguous. We hold that it is fully applicable to a cash-for-stock merger. Compare *Coyne v. Park & Tilford Distillers Corp.*, Del.Supr., 154 A.2d 893, 897 (1959) (involving statutory short-form merger).

Under the facts of this case, the Dofflemyers' election of appraisal is irrevocable, absent the consent of Hall.

Affirmed.

**5.** 56 *Del.Laws*, ch. 50 (1967). See, e. g., 8 *Del.C.* §§ 251, 252 and 257.