# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER D. MANNIX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 10502-CB |
| | ) | |
| PLASMANET, INC., a Delaware corporation, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Date Submitted: July 8, 2015
Date Decided: July 21, 2015

Ronald A. Brown, Jr., Marcus E. Montejo and John G. Day of PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; *Attorneys for Petitioner*.

Martin S. Lessner, Elena C. Norman and Paul J. Loughman of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Alan M. Noskow of MANATT, PHELPS & PHILLIPS LLP, Washington, D.C.; *Attorneys for Respondent*.

**BOUCHARD, C.**

# I. INTRODUCTION

In this appraisal proceeding, the surviving corporation has moved to dismiss a group of former stockholders, each of whom submitted an appraisal demand but has neither filed an appraisal petition nor joined this proceeding as a named party. Those former stockholders have entered into agreements to withdraw their appraisal demands, effective upon the dismissal of this action as to them, in exchange for shares of the surviving corporation on the condition that they attest to their status as "accredited investors" under the federal securities laws. This settlement proposal was made to the other former stockholders who demanded appraisal, including the named petitioner, but they may not be able to satisfy the accredited investor condition.

The question before the Court is a narrow one: under 8 *Del. C.* § 262(k), is it "just" for the surviving corporation to settle the appraisal demands of certain non-appearing former stockholders on terms that may not be available to others who sought appraisal. As explained below, I conclude this arrangement is just under the circumstances. Under Delaware law, there is no requirement that all dissenting stockholders must settle on the same terms as non-appearing, dissenting stockholders. In this case, approval of the proposed settlement allows the settling dissenters to decide for themselves how to resolve their claims without depriving the non-settling dissenters of their right to a statutory appraisal remedy. Thus, I grant the motion to dismiss.

1

## II. BACKGROUND[1]

On August 29, 2014, PlasmaNet, Inc. ("PlasmaNet" or the "Company"), a Delaware corporation, merged with Free Lotto, Inc. The Company is the surviving corporation in the merger, which gave rise to appraisal rights under 8 *Del. C.* § 262. The total purchase price in the merger was $1,857,900 minus certain adjustments. After the adjustments, the aggregate consideration split among the 19,307,715 outstanding shares of PlasmaNet common stock was approximately $114,000, or roughly six-tenths of a penny per share.[2]

On December 24, 2014, Christopher D. Mannix ("Petitioner") commenced this proceeding, seeking appraisal of his 1,700 PlasmaNet shares. On February 5, 2015, as required by 8 *Del C.* § 262(f), the Company filed a verified list of the former PlasmaNet stockholders (forty-eight in total) who purported to exercise their appraisal rights. Included on that list are Robert Altschuler, Lance Lundberg, Gijs Van Thiel, Hoefslag, LLC, and Southgreen Acquisition, LLC (collectively, the "Non-Appearing Dissenters"), who collectively demanded appraisal of 1,788,218 shares of PlasmaNet stock. None of the Non-Appearing Dissenters has joined this proceeding as a named party or filed a separate appraisal proceeding. Excluding the shares of the Non-Appearing Dissenters, Petitioner and other former PlasmaNet stockholders have demanded appraisal of 1,671,250 shares.

---

[1] The relevant facts are drawn from the parties' submissions and their representations to the Court.

[2] Tr. of Oral Arg. 5.

2

The Company and the Non-Appearing Dissenters have entered into a settlement of "all debts, liabilities, and obligations" related to the merger, their demands for appraisal, and this appraisal proceeding.[3] Under the terms of the settlement agreements, the Non-Appearing Dissenters will receive an equity interest in the Company "equal to thirty-five percent (35%) of the equity interests such [Non-Appearing Dissenters] had in PlasmaNet immediately prior to the [m]erger on a fully diluted basis."[4] As part of the exchange, the Non-Appearing Dissenters attested to their status as "accredited investors" as defined in the Securities Act of 1933. According to the Company, accredited investor status is necessary because its securities (the settlement consideration) are not registered with the Securities and Exchange Commission.[5] The settlement agreements are subject to, and effective one business day after, the Court's dismissal of this proceeding with prejudice as to the Non-Appearing Dissenters.

The Company made the same settlement offer to Petitioner, but Petitioner has not accepted it. The Company also made the same offer to all former PlasmaNet stockholders who properly demanded appraisal and who can attest to being an accredited investor.[6]

---

[3] Resp't's Mot. ¶ 5.

[4] *Id.* ¶ 9. Under those agreements, each Non-Appearing Dissenter is deemed to have withdrawn its demand for appraisal, and the Company is deemed to have accepted such withdrawal. *Id.* ¶¶ 10-11.

[5] Resp't's Reply ¶ 3.

[6] Tr. of Oral Arg. 6.

3

On March 13, 2015, the Company moved to dismiss this proceeding, with prejudice, solely as to the Non-Appearing Dissenters. On June 26, 2015, I heard oral argument. On July 8, 2015, the parties completed supplemental briefing.[7]

## III.    LEGAL ANALYSIS

Petitioner contends that the Company's motion must be rejected under *Alabama By-Products Corp. v. Cede & Co.*[8] for two reasons. First, Petitioner argues that any settlement offer must be available to all former PlasmaNet stockholders who have demanded an appraisal. According to Petitioner, because not every non-appearing dissenter may qualify as an accredited investor, the Company cannot condition a settlement with any non-appearing dissenter on that status.[9] Second, he submits that a settlement with some, but not all, of the former PlasmaNet stockholders who demanded an appraisal "undermines the bedrock and fundamental principles" of the appraisal statute by "undercut[ting] the economics of this appraisal proceeding."[10] In my opinion, neither of Petitioner's contentions have merit.

---

[7] The Court afforded Petitioner's counsel the opportunity to submit a letter to address a legal authority the Company referenced during oral argument. Petitioner did so on July 2, 2015, which prompted a responsive letter from the Company on July 8, 2015. On July 9, 2015, Petitioner moved to strike the Company's responsive letter. That motion is denied. Although supplemental submissions generally are inappropriate, they were invited in this case and were helpful to address a relevant legal authority that was not addressed in the original motion papers. I have not relied on any of the additional factual assertions in the Company's supplemental submission.

[8] 657 A.2d 254 (Del. 1995).

[9] Pet'r's Opp'n ¶ 5.

[10] *Id.* ¶ 6.

4

"Under Delaware law, the appraisal remedy is entirely a creature of statute. . . . The remedy is intended to provide those shareholders who dissent from a merger on the basis of inadequacy of offering price with an independent judicial determination of the fair value of their shares."[11]  The appraisal statute, 8 *Del. C.* § 262, details the procedure for a stockholder to exercise its appraisal rights.  Petitioner and the Non-Appearing Dissenters are all purported to have perfected their appraisal rights in the manner set forth in 8 *Del. C.* § 262(d).  Further, Petitioner timely filed a petition for appraisal in the manner set forth in 8 *Del. C.* § 262(e), thereby commencing this proceeding.

The Non-Appearing Dissenters could have filed petitions for appraisal too, but they were not required to do so once Petitioner did.  Under 8 *Del. C.* § 262(e), there need be only one appraisal petition—filed by the surviving corporation or by a former stockholder—to commence an appraisal proceeding and thereby entitle all former stockholders with perfected appraisal rights to receive what the Court determines to be the "fair value" of the corporation's stock.[12]  This statutory scheme is sensible as a matter of judicial economy because "requir[ing] each dissenting stockholder to file his own separate petition would be unwieldy and unreasonable."[13]

---

[11] *Ala. By-Prods. Corp.*, 657 A.2d at 258 (quotations omitted).

[12] The right to appraisal will cease if all interested persons fail to file a petition for appraisal within the 120-day period set forth in 8 *Del. C.* § 262(e).  *See generally Dofflemyer v. W.F. Hall Printing Co.*, 432 A.2d 1198, 1201 (Del. 1981) (construing a predecessor to 8 *Del. C.* § 262(e)).

[13] *Raynor v. LTV Aerospace Corp.*, 317 A.2d 43, 45 (Del. Ch. 1974).

Because only one petition for appraisal is necessary, the appraisal proceeding has often been described as a version of a class action, in which all members of the class enjoy the fruits of the class representative's labor.[14]  Procedurally, however, there is at least one notable distinction:  "shareholders seeking appraisal 'opt in' to a class, invariably before suit is even filed, rather than 'opt out.' "[15]

A separate provision of the appraisal statute, 8 *Del. C.* § 262(k), sets forth the ways in which the right to appraisal may cease.  Within sixty days after the effective date of the merger, a non-appearing dissenter (*i.e.*, a former stockholder who demanded appraisal but neither commenced nor joined an appraisal proceeding as a named party) can unilaterally withdraw its appraisal demand and accept the terms offered in the merger.  After this sixty day period, the surviving corporation must consent to the withdrawal.  The requirement of corporate consent reflects a "legislative intent" to give the surviving corporation the "correlative right to obtain [the dissenter's] stock upon

---

[14] *See, e.g.*, *Ala. By-Prods. Corp.*, 657 A.2d at 260 ("This Court has long recognized that an appraisal action is a proceeding in the nature of a class suit."); *S. Prod. Co. v. Sabath*, 87 A.2d 128, 134 (Del. 1952) ("The Court of Chancery is given general control over the appraisal in a proceeding in the nature of a class suit, to which the corporation and all dissenting stockholders are made parties and in which they are subjected to the jurisdiction of the court.").

[15] *Ala. By-Prods. Corp.*, 657 A.2d at 260 n.10; *see also Gilliland v. Motorola, Inc.*, 873 A.2d 305, 312 (Del. Ch. 2005) ("Minority stockholders who seek appraisal must demand it, and only those minority stockholders that demand appraisal are entitled to receive the statutory fair value.").

payment therefor—a right subject to be defeated only by the occurrence of one of the . . . events specified in the statute [*i.e.*, 8 *Del. C.* § 262(k)]."[16]

Once a petitioned is filed, the procedural requirements are different. Within the sixty-day period, a non-appearing dissenter may still unilaterally withdraw its appraisal demand, and corporate consent is still required thereafter. But, after the sixty-day period, "no appraisal proceeding in the Court of Chancery shall be dismissed as to *any stockholder* without the approval of the Court, and such approval may be conditioned upon such terms as the Court deems just."[17] The Court approval requirement of 8 *Del. C.* § 262(k) has been described as "ensur[ing] that a representative plaintiff does not settle to the detriment of his peers."[18]

In *Alabama By-Products*, the Delaware Supreme Court held that a stockholder cannot withdraw its demand for appraisal "without strict compliance with the appraisal statute."[19] In that case, two petitioners inadvertently tendered their shares to the

---

[16] *S. Prod.*, 87 A.2d at 134.

[17] 8 *Del. C.* § 262(k) (emphasis added).

[18] *Crescent/Mach I P'ship, L.P. v. Dr Pepper Bottling Co. of Tex.*, 2008 WL 2440303, at *5 n.47 (Del. Ch. June 4, 2008), *rev'd on other grounds*, 962 A.2d 205 (Del. 2008); *see also Lutz v. A. L. Garber Co., Inc.*, 357 A.2d 746, 751 (Del. Ch. 1976) ("[T]he short period of limitations [*i.e.*, 120 days under 8 *Del. C.* § 262(e)] also puts appraisal cases in a special category demanding some caution for the protection of viable stockholder interests."); *see generally Ala. By-Prods. Corp.*, 657 A.2d at 260 ("The 'court approval' language was added to Section 262(k) in 1976 to codify a Court of Chancery holding that an appraisal proceeding must be treated like a class action for purposes of either dismissal or compromise.").

[19] *Ala. By-Prods.*, 657 A.2d at 261.

surviving corporation and received the merger consideration. The surviving corporation argued that these petitioners were not entitled to the judicially determined fair value of their stock because, by exchanging their shares for the merger consideration, they had terminated their appraisal rights.[20] When analyzing this issue, the Supreme Court analogized 8 *Del. C.* § 262(k) to the requirement of Court of Chancery Rule 23(e) for Court approval to settle a class action. In the class action context, the Supreme Court observed, "[t]he court approval requirement ensures that a shareholder does not settle out of the class suit at a premium, thereby abandoning the prosecution of the action to the detriment of other class members."[21] The *Alabama By-Products* Court strictly construed 8 *Del. C.* § 262(k) and concluded that the petitioners' inadvertent tendering of shares was not a withdrawal of their perfected appraisal demands because the Court had not approved such a "withdrawal."[22]

*Alabama By-Products* was plainly concerned about the specter of a "buy off," which is a concern inherent in the settlement of representative litigation. As the Court

---

[20] *See generally Neal v. Ala. By-Prods. Corp.*, 1993 WL 388372 (Del. Ch. Sept. 22, 1993), reprinted at 19 Del. J. Corp. L. 825, 832-33 (Del. Ch. 1993), *aff'd sub nom.*, *Ala By-Prods.*, 657 A.2d 254 (Del. 1995).

[21] *Ala. By-Prods. Corp.*, 657 A.2d at 260; *see also Wied v. Valhi, Inc.*, 466 A.2d 9, 15 (Del. 1983) ("Rules 23 and 23.1 are intended to guard against surreptitious buy-outs of representative plaintiffs, leaving other class members without recourse.").

[22] *Ala. By-Prods. Corp.*, 657 A.2d at 261-63 ("A shareholder's right to appraisal vests at the time of perfection, and that right may cease only upon strict compliance with one of the conditions set forth in Section 262(k).").

recently explained in *In re Activision Blizzard, Inc. Stockholder Litigation*,[23] "[t]he potential divergence between the personal interests of the attorneys conducting the litigation and the interests of the class or corporation they represent means that 'the Court of Chancery must . . . play the role of fiduciary in its review of these settlements.'"[24]

As seen in *Raynor v. LTV Aerospace Corp.*,[25] the specter of a "buy off" is implicated in the appraisal context when a petitioner seeks to settle its appraisal demand and dismiss the proceeding. In *Raynor*, the four named petitioners sought approval of a settlement between themselves and the surviving corporation in which they would dismiss their appraisal petitions in exchange for consideration above what was offered in the merger. Since the 120-day limitations period under the appraisal statute had passed, the Court noted that dismissing all the appraisal petitions that had been filed would terminate the appraisal rights of the non-appearing dissenters. The Court thus refused to approve the settlement, reasoning that because only one appraisal petition need be filed under 8 *Del. C.* § 262(f), the non-appearing dissenters "had a right to rely on the language of § 262 and believe that their stock would be valued in the appraisal proceeding." The *Raynor* Court instead ordered a hearing to determine all the former stockholders entitled

---

[23] -- A.3d --, 2015 WL 2438067 (Del. Ch. May 20, 2015, revised May 21, 2015).

[24] *Id.* at *12 (quoting *In re Resorts Int'l S'holders Litig. Appeals*, 570 A.2d 259, 266 (Del. 1990)); *see also In re Nat'l City Corp. S'holders Litig.*, 2009 WL 2425389, at *5 (Del. Ch. July 31, 2009) ("This Court is required to be vigilant [in reviewing settlements in class actions], so that counsel's fee requests do not take advantage of the agent-principal relationship between class action plaintiffs and their attorneys."), *aff'd*, 998 A.2d 851 (Del. 2010) (ORDER).

[25] 317 A.2d 43 (Del. Ch. 1974).

to appraisal and required that all of the non-appearing dissenters be permitted "to participate equally with the [petitioners] in any settlement of [the] consolidated appraisal action."[26]

In my view, the concerns regarding the settlement of representative litigation, discussed in *Alabama By-Products* and *Activision* and applied in *Raynor*, do not apply here, where the surviving corporation seeks to settle the appraisal demands of *non-appearing* dissenters. "As a general proposition, Delaware law favors settlements."[27] Indeed, in the appraisal context, this Court has noted that "each person who demands an appraisal has the individual right to agree to accept or reject a settlement offer."[28] Accordingly, so long as the Non-Appearing Dissenters "deliver to the surviving . . . corporation a written withdrawal of such stockholder's demand for an appraisal and an acceptance of the merger" under 8 *Del. C.* § 262(k), the appraisal statute does not prohibit them from agreeing with the surviving corporation to settle their appraisal demands for consideration different than what was offered in the merger. Thus, in my opinion, PlasmaNet has the ability under Delaware law to settle the appraisal demands of the Non-Appearing Dissenters on the terms proposed.

---

[26] *Id.* at 47.

[27] *Prezant v. De Angelis*, 636 A.2d 915, 921 (Del. 1994).

[28] *See Nelson v. Frank E. Best, Inc.*, 2001 WL 34054611, at *2 (Del. Ch. Jan. 12, 2001).

For this type of settlement, the analogy between the appraisal proceeding and the class action holds true. In *In re Winchell's Donut Houses, L.P. Securities Litigation*,[29] Chancellor Allen observed that, "before a class action is certified, it will ordinarily not be deemed to be inappropriate for a defendant to seek to settle individual claims, even though a class claim has been asserted."[30] Continuing, the Chancellor noted that, "in every case, a client maintains the right to settle his claim himself" and that "[t]his right would be rendered rather theoretical in a [Court of Chancery Rule 23](b)(1) or (b)(2) class action if the court ordered that the defendant may never deal directly with the individual owner of the claim."[31] Under the reasoning of *Winchell's Donut Houses*, if a defendant in a putative class action is readily permitted under the law to settle a class claim with non-representative class members, then it logically follows that the surviving corporation after a merger may seek to settle the appraisal demands of individual non-appearing dissenters. Petitioner has not articulated a persuasive reason why such an approach is unjust and thus should be prohibited under the appraisal statute.

Approval of the settlements (and the dismissal with prejudice of the Non-Appearing Dissenters) will have no legal effect on Petitioner's standing in this proceeding or on the ability of other former PlasmaNet stockholders who have demanded appraisal to continue to rely on Petitioner to litigate this proceeding. Petitioner has not

---

[29] 1988 WL 135503 (Del. Ch. Dec. 12, 1988).

[30] *Id.* at *1.

[31] *Id.* at *2.

11

presented any evidence suggesting that the settlement terms, which take into account the Company's limitations under the securities laws, are coercive to the Non-Appearing Dissenters or to other former PlasmaNet stockholders. Nor has Petitioner cited any authority that would preclude non-appearing dissenters from accepting a settlement unless the petitioner and all other non-appearing dissenters also are offered—and are able to accept—a settlement on the same terms. Thus, assuming for the sake of argument that PlasmaNet's settlement offer cannot be accepted by all non-appearing dissenters, that factor is not a persuasive reason in my opinion to preclude the Company from settling with the Non-Appearing Dissenters.

Petitioner's argument that the proposed settlement would undercut the economics of this appraisal proceeding (by reducing the number of shares in play and thus the potential aggregate recovery in this action) does not make the proposed settlement unjust in my view. When Petitioner filed his appraisal petition, he was the first former PlasmaNet stockholder to do so. Petitioner and his counsel thus voluntarily accepted the risk that this appraisal proceeding might be limited to 1,700 PlasmaNet shares. Even if Petitioner expected, as was suggested at oral argument, that other former PlasmaNet stockholders had demanded appraisal,[32] no provision of the appraisal statute prevents those non-appearing dissenters from seeking to settle their appraisal demands, as the Non-Appearing Dissenters have done. Thus, this contention is not a persuasive basis to

---

[32] Tr. of Oral Arg. 34-35. The verified list of the former PlasmaNet stockholders who purported to exercise their appraisal rights was not filed until February 5, 2015, more than six weeks after this action was filed on December 24, 2014.

12

reject the proposed settlements. To conclude otherwise effectively would give the Petitioner a settlement hold-up right not envisioned by 8 *Del. C.* § 262(k), which is to be strictly construed,[33] and would be contrary to the purpose of the Court-approval requirement of the appraisal statute.

I also reject Plaintiff's post-hearing request that I must require either (i) that the Company provide to the Non-Appearing Dissenters a Court-approved statement of the claims, the defenses, and the litigation alternative to settlement; or (ii) that any settlement communications occur exclusively through Petitioner's counsel, based on Chancellor Allen's decision in *Winchell's Donut Houses*.[34] In that case, Chancellor Allen ordered these protections where they had been volunteered by a defendant seeking to communicate with members of a certified class.[35] Unlike the opt-out class members in *Winchell's Donut Houses*, the former PlasmaNet stockholders were sophisticated enough to exercise their appraisal rights and opt-in to this proceeding, which suggests they do not need such protections or Court supervision when seeking to settle their appraisal demands. Finally, Petitioner's assertion that "[a]ny dissenting stockholders who ultimately decide to settle should also be aware that they may be responsible for

---

[33] *See Ala. By-Prods.*, 657 A.2d at 263; *see also In re Appraisal of Dell Inc.*, 2015 WL 4313206, at *10 (Del. Ch. July 13, 2015) ("[B]oth petitioners and the corporation must adhere strictly to the appraisal statute's requirements[.]").

[34] Letter from Marcus E. Montejo, at 3 (July 2, 2015).

[35] *See Winchell's Donuts Houses*, 1988 WL 135503, at *3.

13

Petitioner's attorneys' fees and expenses on a *pro rata* basis" under 8 *Del. C.* § 262(j)[36]—

a position the Company contests[37]—involves a legal question that is not ripe for review.[38]

## IV. CONCLUSION

In my judgment, the proposed settlements are just and thus satisfy the standard set forth in 8 *Del. C.* § 262(k) for the reasons explained above. Accordingly, the Company's motion to dismiss is GRANTED.

**IT IS SO ORDERED**.

---

[36] Letter from Marcus E. Montejo, at 3 (July 2, 2015).

[37] The Company argues that, after giving effect to the settlements, the shares formerly owned by the Non-Appearing Dissenters will no longer be "entitled to appraisal" and thus cannot be subject to a *pro rata* charge of Petitioner's attorneys' fees and expenses under 8 *Del. C.* § 262(j). Letter from Paul J. Loughman, at 3 n.1 (July 8, 2015). The Company also represented that it would provide a copy of Petitioner's July 2, 2015, letter to the Non-Appearing Dissenters. *Id.*

[38] *See, e.g.*, *Smith, Katzenstein & Jenkins LLP v. Fidelity Mgmt. & Research Co.*, 2014 WL 1599935, at *16 (Del. Ch. Apr. 16, 2014) (awarding fees to class counsel for monetary benefits causally conferred upon a putative class member in a related matter where that putative class member settled its claim individually); *see also In re Revlon, Inc. S'holders Litig.*, 990 A.2d 940 (Del. Ch. 2010).